1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone: (213) 430-3400
   Facsimile: (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

               UNITED STATES DISTRICT COURT
16
               NORTHERN DISTRICT OF CALIFORNIA
17
                 SAN FRANCISCO DIVISION
18

19 IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-1797-CRB
   _____    )
21 This document relates to           )  **PFIZER INC., PHARMACIA
                                      )  CORPORATION, AND G.D.
22 JOHNNY CORNELIUS and PATRICIA      )  SEARLE LLC'S ANSWER TO
   HAMMESFAHR,                        )  COMPLAINT**
23                                    )
              Plaintiffs,             )  **JURY DEMAND ENDORSED
24                                    )  HEREIN**
        vs.                           )
25                                    )
   PFIZER, INC., PHARMACIA CORPORATION, )
26 and G.D. SEARLE, LLC,              )
                                      )
27              Defendants.           )
   _____    )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4    "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5    respectfully show the Court as follows:

6                                            **I.**

7                          **PRELIMINARY STATEMENT**

8        The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9    Celebrex® (celecoxib) ("Celebrex®").      Accordingly, this Answer can only be drafted

10   generally.    Defendants may seek leave to amend this Answer when discovery reveals the

11   specific time periods in which Plaintiffs were prescribed and used Celebrex®.

12                                           **II.**

13                                        **ANSWER**

14   1.      Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

15   deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

17   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19   time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

20   marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

21   healthcare providers who are by law authorized to prescribe drugs in accordance with their

22   approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

23   in accordance with its FDA-approved prescribing information.    Defendants state that the

24   potential effects of Celebrex® were and are adequately described in its FDA-approved

25   prescribing information, which was at all times adequate and comported with applicable

26   standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused

27   Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the

28   Complaint.

1

**Response to Allegations Regarding Parties**

2     2.      Defendants are without knowledge or information sufficient to form a belief as to the

3     truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

4     citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

5     paragraph of the Complaint.

6     3.      Defendants are without knowledge or information sufficient to form a belief as to the

7     truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

8     citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

9     paragraph of the Complaint.

10    4.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

11    business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

12    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

13    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

14    Celebrex® in the United States to be prescribed by healthcare providers who are by law

15    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

16    that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.

17    Defendants are without knowledge or information to form a belief as to the truth of such

18    allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this

19    paragraph of the Complaint.

20    5.      Defendants admit that Searle is a Delaware limited liability company with its principal

21    place of business in Illinois.  Defendants admit that, as the result of a merger in April 2003,

22    Searle became a subsidiary of Pfizer.  Defendants admit that, during certain periods of time,

23    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

24    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

25    providers who are by law authorized to prescribe drugs in accordance with their approval by the

26    FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27    6.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

28    business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

2   providers who are by law authorized to prescribe drugs in accordance with their approval by the

3   FDA.   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

4   vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

5   the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining

6   allegations in this Paragraph of the Complaint.

7                    **Response to Allegations Regarding Jurisdiction and Venue**

8   7.       Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and

10  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

11  Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000,

12  exclusive of interests and costs.

13  8.       Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding the judicial district in

15  which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants admit

16  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

17  Celebrex® in the United States, including California and Florida, to be prescribed by healthcare

18  providers who are by law authorized to prescribe drugs in accordance with their approval by the

19  FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

20  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

21  Celebrex® in the United States to be prescribed by healthcare providers who are by law

22  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

23  that they provided FDA-approved prescribing information regarding Celebrex®.   Defendants

24  admit that they do business in the States of California and Florida.   Defendants state that

25  Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.

26  Defendants are without knowledge or information to form a belief as to the truth of such

27  allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

28  committing a tort in the States of California and Florida, and deny the remaining allegations in

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  this paragraph of the Complaint.

2  **Response to Allegations Regarding Interdistrict Assignment**

3  9.    Defendants state that this paragraph of the Complaint contains legal contentions to

4  which no response is required.  To the extent that a response is deemed required, Defendants

5  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

6  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

7  Panel on Multidistrict Litigation on September 6, 2005.

8  **Response to Factual Allegations**

9  10.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10  and co-promoted Celebrex® in the United States, including Florida, to be prescribed by

11  healthcare providers who are by law authorized to prescribe drugs in accordance with their

12  approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was

13  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

14  distributed Celebrex® in the United States to be prescribed by healthcare providers who are by

15  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16  admit that they provided FDA-approved prescribing information regarding Celebrex®.

17  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  11.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21  effective when used in accordance with its FDA-approved prescribing information.  Defendants

22  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

23  the remaining allegations in this paragraph of the Complaint.

24  12.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    the remaining allegations in this paragraph of the Complaint.

2    13.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny the remaining the allegations in this paragraph of the Complaint.

7    14.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

9    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

10    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

11    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

12    Celebrex® in the United States to be prescribed by healthcare providers who are by law

13    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

14    that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants

15    deny the remaining allegations in this paragraph of the Complaint.

16    15.    Defendants admit that Celebrex® is in a class of drugs that is, at times, referred to as

17    non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that, as stated in the

18    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

19    be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

20    (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

21    cyclooxygenase-1 (COX-1) isoenzyme."  Defendants admit that Celebrex® was approved by

22    the FDA on December 31, 1998.  Defendant states that Celebrex® is a prescription medication

23    which is approved by the FDA for the following indications: (1) for relief of the signs and

24    symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in

25    adults; (3) for the management of acute pain in adults; (4) for the treatment of primary

26    dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

27    adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

28    surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

18.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining the allegations in this paragraph of the Complaint.

19.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

ANSWER TO COMPLAINT – 3:08-cv-1797-CRB

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining the allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Products Liability**

21.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

22.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

23.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining the allegations in this paragraph of the Complaint.

24.     Defendants admit that Celebrex® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations this paragraph of the Complaint.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

26.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

2    damages, and deny the remaining allegations this paragraph of the Complaint.

3    27.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of

8    the Complaint.

9    28.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12    effective when used in accordance with its FDA-approved prescribing information.  Defendants

13    state that the potential effects of Celebrex® were and are adequately described in its FDA-

14    approved prescribing information, which was at all times adequate and comported with

15    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

16    remaining allegations this paragraph of the Complaint.

17    29.    Defendants are without knowledge or information sufficient to form a belief as to the

18    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20    effective when used in accordance with its FDA-approved prescribing information.  Defendants

21    state that the potential effects of Celebrex® were and are adequately described in its FDA-

22    approved prescribing information, which was at all times adequate and comported with

23    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

24    Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations this

25    paragraph of the Complaint.

26    30.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information.  Defendants state that the potential effects of

28    Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of

3  the Complaint.

4  31.     Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9  damages, and deny the remaining allegations this paragraph of the Complaint.

10  32.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

11  damages, and deny the remaining allegations this paragraph of the Complaint.

12  33.     Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex®

17  caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the

18  Complaint.

19  34.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny

24  the remaining allegations this paragraph of the Complaint.

25  35.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

26  damages, and deny the remaining allegations this paragraph of the Complaint.

27  **Response to Second Cause of Action: Strict Products Liability**

28  36.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

1   Complaint as if fully set forth herein.

2   37.   Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Celebrex® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of

7   the Complaint.

8   38.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

9   damages, and deny the remaining allegations this paragraph of the Complaint.

10  39.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

11  damages, and deny the remaining allegations this paragraph of the Complaint.

12              **Response to Third Cause of Action: Express Warranty**

13  40.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

14  Complaint as if fully set forth herein.

15  41.   Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

17  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  state that the potential effects of Celebrex® were and are adequately described in its FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants admit that they provided FDA-approved

22  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations this

23  paragraph of the Complaint.

24  42.   Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

26  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  approved prescribing information, which was at all times adequate and comported with

2  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

3  remaining allegations this paragraph of the Complaint.

4  43.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5  damages, and deny the remaining allegations this paragraph of the Complaint.

6  **Response to Fourth Cause of Action: Implied Warranty**

7  44.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8  Complaint as if fully set forth herein.

9  45.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.  Defendants

13  state that the potential effects of Celebrex® were and are adequately described in its FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

16  Celebrex® is defective, and deny the remaining allegations this paragraph of the Complaint.

17  46.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.  Defendants

21  state that the potential effects of Celebrex® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24  remaining allegations this paragraph of the Complaint.

25  47.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

26  damages, and deny the remaining allegations this paragraph of the Complaint.

27  **Response to Fifth Cause of Action: Unjust Enrichment**

28  48.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-13-

1    Complaint as if fully set forth herein.

2    49.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damages, and deny the remaining allegations this paragraph of the Complaint.

4    **Response to Allegations Regarding Damages**

5    50.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

6    Complaint as if fully set forth herein.

7    51.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damages, and deny the remaining allegations this paragraph of the Complaint, including all

9    subparts.

10    52.    Answering the unnumbered paragraph following Paragraph 51 of the Complaint,

11    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

12    damages, and deny the remaining allegations this paragraph of the Complaint, including all

13    subparts.

14    **III.**

15    **GENERAL DENIAL**

16    Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

17    Complaint that have not been previously admitted, denied, or explained.

18    **IV.**

19    **AFFIRMATIVE DEFENSES**

20    Defendants reserve the right to rely upon any of the following or additional defenses to

21    claims asserted by Plaintiffs to the extent that such defenses are supported by information

22    developed through discovery or evidence at trial.  Defendants affirmatively show that:

23    **First Defense**

24    1.    The Complaint fails to state a claim upon which relief can be granted.

25    **Second Defense**

26    2.    Celebrex® is a prescription medical product.  The federal government has preempted

27    the field of law applicable to the labeling and warning of prescription medical products.

28    Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

2   which relief can be granted; such claims, if allowed, would conflict with applicable federal law

3   and violate the Supremacy Clause of the United States Constitution.

4                                          **Third Defense**

5   3.      At all relevant times, Defendants provided proper warnings, information and

6   instructions for the drug in accordance with generally recognized and prevailing standards in

7   existence at the time.

8                                          **Fourth Defense**

9   4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

10  Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

11  knowledge at the time the drug was manufactured, marketed and distributed.

12                                          **Fifth Defense**

13  5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

14  applicable Statute of Limitations, and same is pleaded in full bar of any liability as to

15  Defendants.

16                                          **Sixth Defense**

17  6.      Plaintiffs' action is barred by the statute of repose.

18                                          **Seventh Defense**

19  7.      If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the

20  Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs'

21  damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

22  negligence and by the failure to mitigate damages.

23                                          **Eighth Defense**

24  8.      The proximate cause of the loss complained of by Plaintiffs are not due to any acts or

25  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

26  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

27  liable in any way.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

1    standard of care.

2    **Sixteenth Defense**

3    16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the

4    Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

5    abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendants or

6    persons acting on its behalf after the product left the control of Defendants.

7    **Seventeenth Defense**

8    17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

9    Defendants.

10    **Eighteenth Defense**

11    18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

12    conditions unrelated to Celebrex®.

13    **Nineteenth Defense**

14    19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

15    the doctrine of assumption of the risk bars or diminishes any recovery.

16    **Twentieth Defense**

17    20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

18    preempted in accordance with the Supremacy Clause of the United States Constitution and by

19    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

20    **Twenty-first Defense**

21    21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

22    the subject pharmaceutical product at issue was subject to and received pre-market approval by

23    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

24    **Twenty-second Defense**

25    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

26    Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

27    and Plaintiffs' causes of action are preempted.

28

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to

procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the States of California and Florida, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the States of California and Florida.   Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)   permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    instructions with respect to the product's use in the package insert and other literature, and

2    conformed to the generally recognized, reasonably available, and reliable state of the

3    knowledge at the time the product was marketed.

4    **Fortieth Defense**

5    40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

6    tested, manufactured and labeled in accordance with the state-of-the-art industry standards

7    existing at the time of the sale.

8    **Forty-first Defense**

9    41.    If Plaintiffs sustained injuries or losses as alleged in the Complaint, upon information

10    and belief, such injuries and losses were caused by the actions of persons not having real or

11    apparent authority to take said actions on behalf of Defendants and over whom Defendants had

12    no control and for whom Defendants may not be held accountable.

13    **Forty-second Defense**

14    42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

15    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

16    intended, and was distributed with adequate and sufficient warnings.

17    **Forty-third Defense**

18    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

19    waiver, and/or estoppel.

20    **Forty-fourth Defense**

21    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

22    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

23    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

24    independent of or far removed from Defendants' conduct.

25    **Forty-fifth Defense**

26    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

27    did not proximately cause injuries or damages to Plaintiffs.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug

1    Administration under the Federal Food, Drug, and Cosmetic Act.

2    **Fifty-third Defense**

3    53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

4    is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

5    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

6    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

7    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

8    and with the specific determinations by FDA specifying the language that should be used in the

9    labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the

10   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

11   United States.

12   **Fifty-fourth Defense**

13   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

14   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

15   **Fifty-fifth Defense**

16   55.    Defendants state on information and belief that the Complaint and each purported cause

17   of action contained therein is barred by the statutes of limitations contained in California Code

18   of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

19   may apply.

20   **Fifty-sixth Defense**

21   56.    Defendants state on information and belief that any injuries, losses, or damages suffered

22   by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

23   conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against

24   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

25   **Fifty-seventh Defense**

26   57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

27   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

28   Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damages is also barred under California Civil Code § 3294(b).

2    **Fifty-eighth Defense**

3    58.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by

4    Rule 1.120 of the Florida Rules of Civil Procedure.

5    **Fifty-ninth Defense**

6    59.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and

7    marketed in accordance with the state of the art at the time of manufacture per section

8    768.1257, Florida Statutes.

9    **Sixtieth Defense**

10   60.    Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable

11   because, at the time of sale or distribution of the Celebrex® alleged to have been used by

12   Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug

13   Administration and are entitled to application of section 768.1256, Florida Statutes.

14   **Sixty-first Defense**

15   61.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or

16   fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such

17   comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs'

18   recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced

19   as a result of the negligence or fault of said persons or entities, pursuant to the provisions of

20   section 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant

21   to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of

22   Defendants' percentage of fault, taking into account the percentage of fault attributable to all

23   other persons, whether or not a party hereto, and not on the basis of joint and several liability.

24   The persons or entities referred to in this paragraph that are presently unknown to Defendants

25   will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262

26   (Fla. 1996).

27   **Sixty-second Defense**

28   62.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Practices Act ("FDUTPA").

### Sixty-third Defense

63.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

### Sixty-fourth Defense

64.    The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

### Sixty-fifth Defense

65.    Plaintiffs lack standing because the answering Defendants did not engage in deceptive conduct with regard to Plaintiff or otherwise.

### Sixty-sixth Defense

66.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

1   May 30, 2008                                    GORDON & REES LLP

2

3                                                   By: : _____/s/_____

4                                                      Stuart M. Gordon
                                                       sgordon@gordonrees.com
                                                       Embarcadero Center West
5                                                      275 Battery Street, 20th Floor
                                                       San Francisco, CA 94111
6                                                      Telephone:  (415) 986-5900
                                                       Fax:  (415) 986-8054
7

8   May 30, 2008                                    TUCKER ELLIS & WEST LLP
                                                    .
9

10                                                  By: : _____/s/_____

11                                                     Michael C. Zellers
                                                       michael.zellers@tuckerellis.com
                                                       515 South Flower Street, Suite 4200
12                                                     Los Angeles, CA  90071-2223
                                                       Telephone:  (213) 430-3400
13                                                     Fax:  (213) 430-3409

14
                                                       Attorneys for Defendants
15                                                     PFIZER INC., PHARMACIA
                                                       CORPORATION, AND G.D. SEARLE
16                                                     LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 30, 2008                                  GORDON & REES LLP


                                             By: :_____/s/_____
                                                  Stuart M. Gordon
                                                  sgordon@gordonrees.com
                                                  Embarcadero Center West
                                                  275 Battery Street, 20th Floor
                                                  San Francisco, CA  94111
                                                  Telephone:  (415) 986-5900
                                                  Fax:  (415) 986-8054

May 30, 2008                                  TUCKER ELLIS & WEST LLP


                                             By: :_____/s/_____
                                                  Michael C. Zellers
                                                  michael.zellers@tuckerellis.com
                                                  515 South Flower Street, Suite 4200
                                                  Los Angeles, CA 90071-2223
                                                  Telephone:  (213) 430-3400
                                                  Fax:  (213) 430-3409

                                                  Attorneys for Defendants
                                                  PFIZER INC., PHARMACIA
                                                  CORPORATION, AND G.D. SEARLE
                                                  LLC